People v Whittle (2018 NY Slip Op 05874)





People v Whittle


2018 NY Slip Op 05874


Decided on August 22, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 22, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
LEONARD B. AUSTIN
COLLEEN D. DUFFY
BETSY BARROS, JJ.


2016-03048
 (Ind. No. 14-00905)

[*1]The People of the State of New York, respondent,
v
Avery Whittle, appellant.


Marianne Karas, Thornwood, NY, for appellant, and appellant pro se.
Anthony A. Scarpino, Jr., District Attorney, White Plains, NY (Brian R. Pouliot, Grant D. O'Donnell, and Steven A. Bender of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Susan Cacace, J.), rendered March 1, 2016, convicting him of criminal possession of a controlled substance in the fourth degree and criminal possession of a controlled substance in the seventh degree, after a nonjury trial, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.
ORDERED that the judgment is affirmed.
The defendant was convicted of criminal possession of a controlled substance in the fourth degree and criminal possession of a controlled substance in the seventh degree. A police officer testified at a suppression hearing that the police, who were conducting surveillance of a particular area because of an increase in crime and gang activity there, saw the defendant having a conversation with a known gang member. Hoping to learn more about the defendant, the police followed the cab he had gotten into. When the cab driver committed a traffic violation, the police pulled over the cab. On approaching the cab, the police saw the defendant holding a plastic bag containing a white substance they suspected was cocaine, and then hiding it under his seat. The police asked the defendant to step out of the cab and searched under the seat, recovering a plastic bag containing cocaine.
We agree with the Supreme Court's denial of that branch of the defendant's omnibus motion which was to suppress the physical evidence. "[M]uch weight must be accorded the determination of the suppression court with its peculiar advantages of having seen and heard the witnesses" (People v Prochilo, 41 NY2d 759, 761). Here, we agree with the court's determination to credit the testimony of the police officer over that of the defendant.
In fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the trier of fact's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the [*2]evidence (see People v Romero, 7 NY3d 633).
The defendant's remaining contention is without merit.
LEVENTHAL, J.P., AUSTIN, DUFFY and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court